**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSE RAMOS,**

                           **Plaintiff,**                    **9:09-cv-1046**
                                                             **(GLS/RFT)**

                    **v.**

**LESTER N. WRIGHT,** M.D., Deputy
Commissioner, Chief Medical Officer, DOCS;
**MARYANN GENOVESE,** former medical
director, Sing Sing Correctional Facility;
**DOCTOR MILLER,** Hub Medical Director,
Shawangunk Correctional Facility; **JOSEPH T.
SMITH,** Superintendent, Shawangunk
Correctional Facility; **KAY KNOTT,** Deputy
Supt. of Administration, Shawangunk
Correctional Facility; **DOE(S),** Shawangunk
Correctional Facility,

                           **Defendants.**
_____
**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jose Ramos
Pro Se
85-A-5899
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN            BRIAN J. O'DONNELL
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Jose Ramos, an inmate at the Shawangunk Correctional

Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that

defendants violated his constitutional rights by denying him adequate

medical care for his serious medical needs.  (*See* Compl., Dkt. No. 1.)  The

defendants filed a motion to dismiss the complaint.  (*See* Dkt. No. 14.)  In a

Report-Recommendation and Order (R&R) filed January 3, 2011,

Magistrate Judge Randolph F. Treece recommended that defendants'

motion to dismiss be granted in part and denied in part.[1]  (Dkt. No. 16.)

Pending are defendants' objections to the R&R.  (Dkt. No. 17.)  For the

reasons that follow, the R&R is adopted in its entirety.

### II. Standard of Review

Before entering final judgment, this court routinely reviews all report

and recommendation orders in cases it has referred to a magistrate judge.

───────────────

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### III.  Discussion

### A.    Claims Against Wright, Smith, and Knott

In the R&R, Judge Treece recommended dismissal of Ramos's claims against defendants Lester N. Wright, Joseph T. Smith, and Kay Knott for lack of personal involvement.  (*See* R&R at 8-11, Dkt. No. 16.)  In the absence of any specific objections to this portion of the R&R, the court has reviewed it for clear error and finds none.  Accordingly, the court adopts Judge Treece's recommendation that Wright, Smith, and Knott be dismissed from this action.

As Judge Treece points out regarding Knott, Ramos makes no mention of her "[b]eyond identifying Ms. Knott in the 'Parties' Section, [and] there is not a single allegation of fact nor even a mention of her name

3

throughout the rest of the Complaint." (*See id.* at 9.)  Ramos has clearly failed to establish her personal involvement.  As to Wright, Ramos alleges solely that he and his wife wrote letters to Wright.  (*See id.*)  As Judge Treece points out, this is insufficient to support Wright's personal involvement.  (*See id.*)  As to Smith, Ramos's allegation of personal involvement is limited to the assertion that Smith is the Superintendent of Shawangunk Correctional Facility.  (*See id.* at 10.)  Again, an insufficient allegation of personal involvement.  Therefore, upon review of this portion of the R&R, the court finds no error and adopts Judge Treece's recommendations that Ramos's claims against Wright, Smith, and Knott be dismissed.

**B.**   **Claims Against Genovese and Miller**

Defendants object to Judge Treece's recommendation that their motion to dismiss be denied as to the claims against Maryann Genovese and Doctor Miller.  Defendants' objection lacks merit.

As explained in the R&R, in order to sustain an Eighth Amendment claim for denial of adequate medical care, the plaintiff must show that the charged prison staff behaved with "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Here

defendants concede that Ramos's condition is serious.  (*See* R&R at 12, Dkt. No. 16.)  Thus, the motion to dismiss challenges only the notion that Ramos was either denied adequate medical care or treated with deliberate indifference.  (*See id.*)  As to this issue, Judge Treece determined that dismissal is not warranted at this juncture.

In drawing that conclusion, Judge Treece points to the fact that Ramos received "several clinical laboratory tests ... [that] were rarely, if ever, followed up with a course of actual treatment," (*see id.*), and that Ramos was denied access to a specialist and surgeon, which led to a deterioration in the condition of his back injury, (*see id.* at 13).  And as the R&R further points out, and this court emphasizes, without access to Ramos's medical records and "the full extent of the treatment he received, or didn't receive," it is impossible to determine if his cause of action for denial of adequate medical care fails.  (*Id.*)  For these reasons, the court adopts Judge Treece's recommendation that the motion to dismiss be denied as to the claims against Genovese and Miller.

## C.   Defendants' Exhibits

Additionally, Judge Treece declined to rely on or incorporate into the record two grievance packets submitted in the defendants' motion to

dismiss.  Defendants specifically object.  (*See* Objections at 5-6, Dkt. No.

17.)  Given these specific objections to this portion of the R&R, Judge

Treece's findings will be reviewed de novo.

Judge Treece stated his reasons for declining to rely on or

incorporate the grievance packets as follows: (1) it is unclear whether

Ramos had access to the grievance packets in their entirety when drafting

his complaint, (*see* R&R at 8, Dkt. No. 16); (2) it is unclear whether Ramos

relied upon his own grievances, "let alone the entirety of the grievance

packets," in drafting his complaint, (*see id.*); (3) it is unclear whether

Ramos's reference to the grievances serves any other function than to

indicate that he fully exhausted other remedial options, (*see id.*); and (4)

the grievance packets reveal little about Ramos's factual allegations, (*see

id.*).  Having reviewed this portion of the R&R de novo in light of

defendants' objections, the court concurs with Judge Treece and adopts his

recommendation as to defendants' exhibits.

**D.    Doe Defendants**

Finally, Judge Treece declined to immediately dismiss the Doe

defendants from the action, to which the Shawangunk defendants object.

However, the court concurs with and adopts Judge Treece's

recommendation that Ramos must identify and timely serve these defendants or they will be dismissed from the action.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Treece's Report-Recommendation and Order (Dkt. No. 16) is **ADOPTED**, whereby:

1.  Defendants' motion to dismiss is **GRANTED** as to the claims against Wright, Smith, and Knott, and Wright, Smith, and Knott are **DISMISSED** from the action; and

2.  Defendants' motion to dismiss is **DENIED** as to the claims against Genovese, Doctor Miller, and Doe(s); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
June 17, 2011

United States District Court Judge