**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**JOSE RAMOS,**

                    **Plaintiff,**                   **9:09-cv-1046
                                                                           (GLS/RFT)**

                **v.**

**MARYANN GENOVESE et al.,**

                      **Defendants.**
_____
**APPEARANCES:**                                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jose Ramos
Pro Se
85-A-5899
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     BRIAN J. O'DONNELL
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Jose Ramos brings this action under 42 U.S.C. §

1983, alleging that his Eighth Amendment rights were violated by defendants Dr. Maryann Genovese, Doctor Miller and John Does. (*See* Compl., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed January 22, 2013, Magistrate Judge Randolph F. Treece recommended that defendants' motion for summary judgment, (*see* Dkt. No. 34), be granted and Ramos' Complaint be dismissed.[1] (*See generally* R&R, Dkt. No. 38.) Pending are Ramos' objections to the R&R. (*See* Dkt. No. 39.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendation and orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). Where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.*, at *4-5.

### III. Discussion

Because Ramos' submission makes no mention of any particular errors in Judge Treece's R&R, and offers only the same unsubstantiated allegations that Judge Treece already found to be insufficient to withstand summary judgment, the court will only briefly address Ramos' arguments. (*See* Dkt. No. 39 at 2-7; R&R at 18); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) (stating that "[a] party opposing summary judgment does not show the existence of a genuine issue of fact" by making conclusory assertions or speculating).

Although Ramos first avers that the Doe defendants should not be dismissed, he fails to identify how Judge Treece erred in recommending as much. (*See* Dkt. No. 39 at 2-4.) The fact that Ramos "made every possible conscious effort" to identify the Doe defendants does not excuse his failure to do so. (*Id.* at 2.) As Judge Treece stated, "despite the passage of time, multiple warnings by the Court, and ample opportunity to conduct discovery," Ramos has still not concretely identified the Doe defendants. (R&R at 15.) Even if his current belief regarding their

3

identities is correct, a burden which he inexplicably places on the court to confirm, (*see* Dkt. No. 39 at 3-4), it would be highly prejudicial, and therefore inappropriate, to allow Ramos to amend his Complaint at this juncture, *see, e.g., Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998). Thus, notwithstanding Ramos' failure to raise a specific objection, the court agrees with Judge Treece that the Doe defendants must be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Turning to his second argument, regarding the merits of his Eighth Amendment claim, the court again is unable to discern how Ramos believes Judge Treece erred. (*See* Dkt. No. 39 at 4-7.) In any event, Ramos has yet to offer any evidence, direct or circumstantial, that shows that Drs. Genovese and/or Miller had the requisite state of mind to satisfy the subjective prong of the deliberate indifference test. (*See* R&R at 22-24); *see Chance v. Armstrong*, 143 F.3d 698, 702-04 (2d Cir. 1998). As such, the lack of specificity in Ramos' submission is ultimately of no moment, as his Eighth Amendment claim is untenable.

In sum, Ramos' failure to raise anything other than general objections renders *de novo* review unnecessary. *See Almonte*, 2006 WL 149049, at \*4-5. Having found no clear error in the R&R, the court accepts and adopts

4

Judge Treece's R&R in its entirety.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's January 22, 2013 Report-Recommendation and Order (Dkt. No. 38) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 34) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 28, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court